MEMORANDUM **
Malik Shahzad Ahmed, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for withholding of removal and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility findings for substantial evidence, Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001), and we review claims of due process violations de novo, Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir.2004). We deny in part and dismiss in part the petition for review.
Substantial evidence supports the agency’s denial of withholding of removal based upon an adverse credibility finding. In particular, Ahmed’s testimony that the group from which he feared harm in Pakistan was a Shi’a Muslim group contradicted his declaration and the documentary evidence which indicated the group was Sunni Muslim, and the discrepancy relates to the basis for Ahmed’s fear of persecution. See Chebchoub, 257 F.3d at 1043.
Furthermore, substantial evidence supports the agency’s denial of CAT relief because Ahmed failed to show it is more likely than not that he would be tortured by, or with the acquiescence of, government officials on return to Pakistan. See Wakkary v. Holder, 558 F.3d 1049, 1067-68 (9th Cir.2009).
Ahmed’s contention that the BIA violated his due process rights by issuing a boilerplate decision fails because the BIA’s order contained “a statement of its reasons for denying the petitioner relief adequate for us to conduct our review.” See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995).
We lack jurisdiction to consider Ahmed’s contention that the IJ violated his due process rights by arbitrarily denying relief because Ahmed failed to exhaust this argument before the BIA. See Barron, 358 F.3d at 677-78.
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.